## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

JEFFREY FRIEDMAN, AND
ROBIN FRIEDMAN,

    Plaintiffs,

v.

ACE INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

Removed from Circuit Court
of Orange County, Florida
Case No: 2022-CA-001151-O

## NOTICE OF REMOVAL

COMES NOW Defendant Ace Insurance Company of the Midwest, by and through its undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No.: 2022-CA-001151-O, to the United States District Court for the Middle District of Florida based on the following:

1. This matter is a first-party insurance breach of contract dispute involving a homeowners insurance policy.

2. On or about February 8, 2022, Plaintiffs filed a Complaint against Defendant in the Circuit Court of Orange County, Florida. That Complaint was served on Defendant on February 23, 2022. *See Plaintiffs' Complaint, attached hereto as "Exhibit A."*

3. The Complaint was served on Defendant on February 23, 2022. *See Notice of Service of Process from the Chief Financial Officer of Florida, attached hereto as "Exbibit B."*

4. In their Complaint, Plaintiffs alleged only that they were residents of the State of Florida, rather than alleging domicile in Florida or citizenship. *See Exhibit A,* at ¶ 3.

5. Plaintiff additionally failed to allege a specified amount in controversy, stating only "[t]his is an action for damages that excess of THIRTY THOUSAND DOLLARS ($30,000.00) . . . ." *See Exhibit A - Complaint* at ¶ 1.

6. On April 25, 2022, David Heil, Esq., counsel for Plaintiffs, sent an email with a written demand for settlement seeking ONE HUNDRED ELEVEN THOUSAND SEVENTY-ONE DOLLARS and THIRTY-THREE CENTS ($111,071.33) inclusive of interest, costs, and attorney's fees. The Demand includes payment to Plaintiffs Jeffrey Friedman and Robin Friedman in the amount of SEVENTY-SIX THOUSAND EIGHT HUNDRED FIFTY-SEVEN DOLLARS and SIX CENTS $76,857.06. *See Exhibit C, Mr. Heil's email with demand.*

7. Although Plaintiffs' demand email did not attach the pre-suit estimate for repair or replacement costs for the alleged damages, the pre-suit estimate was the basis of Plaintiffs' demand as it included payment to Public Adjuster Todd Romazko who issued the pre-suit estimate. Plaintiffs' pre-suit estimate of damages is attached hereto as "*Exhibit D.*" Because demands without supporting documentation are sometimes regarded as potentially containing inflated numbers due to "puffery.[1]"

8. Defendant is an Indiana corporation having its principal place of business in Richmond, Indiana. *See "Exhibit E," its Foreign Corporation Annual Report.*

9. Since the undersigned counsel knew the citizenship of Defendant and the amount in controversy, the remaining issue regarding diversity jurisdiction was the determination of Plaintiffs' citizenship.

---

[1] See *Green v. Travelers Indem. C*o., No. 3:11-cv-922-J-37TEM, 2011 U.S. Dist. LEXIS 120415, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011), *Clifford v. BJ's Wholesale Club, Inc.*, No. 16-23349-CIV-MORE, 2016 U.S. Dist. LEXIS 147614, at *6 (S.D. Fla. Oct. 24, 2016).

10. In the exercise of due diligence, undersigned counsel reviewed the records of the Orange County Property Appraiser, the official records of which are a public record of a governmental entity, of which the Court may take judicial notice.

11. Plaintiffs have applied for and received the Homestead Exemption under the Florida Constitution, per the records of the Orange County Property Appraiser. *See as "Exhibit F*.

12. Application for the homestead exemption requires affirmation that the property is your permanent residence. "Section 193.031, Florida Statutes (Supp. 1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, <u>make it their permanent residence</u>." *Robbins v. Welbaum*, 664 So. 2d 1, 2 (Fla. 3d DCA 1995) (emphasis added).

13. Defendant submits that Plaintiffs have verified by such application that they are permanent residents who reside at the homestead/insured property in Orange County, Florida, and therefore are domiciled in Florida, making them citizens of Florida for purposes of diversity jurisdiction.

14. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

15. 28 U.S.C. § 1332(c)(1) provides in pertinent part a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

16. 28 U.S.C. § 1441(a) provides in pertinent part any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed

by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

17. Plaintiffs are citizens of the State of Florida. *See Exhibit F*.

18. Ace Insurance Company of the Midwest is an Indiana corporation which has its principal place of business in Richmond, Indiana. *See Exhibit E*.

19. Plaintiffs' claim for damages concerns an amount in controversy in excess of $75,000.00, exclusive of interests and costs. *See Exhibit C*.

20. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446(3).

21. This Notice of Removal is being filed within thirty (30) days of service of Plaintiffs' counsel's email on April 25, 2022.

22. A complete copy of all process, pleadings and orders in the Circuit Court of Orange County, Florida in Case No.: 2022-CA-001151-O, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit G - Index of Record.*

23. In compliance with 28 U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Orange County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit H*.

WHEREFORE, Defendant Ace Insurance Company of the Midwest respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida.

Date: May 25, 2022						Respectfully submitted,

					By:	  /s/ Robert L. Williams Jr._____
						Robert L. Williams Jr., Esq. (1002894)
						Brian P. Henry, Esq. (0089069)
						ROLFES HENRY CO., LPA
						3191 Maguire Blvd. #160
						Orlando, FL 32803
						T:  (407) 284-4990
						E:  rwilliams@rolfeshenry.com
						E:  bberrio@rolfeshenry.com
						E:  bhenry@rolfeshenry.com
						E:  kdeglman@rolfeshenry.com

						*Attorney for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 25th day of May 2022:

David Heil, Esq.
David R. Heil, PA
2324 Lee Road
Winter Park, FL 32789
P: 407-599-2100
E: pleadings@heil-law.com

*Attorneys for Plaintiffs*

						/s/ Robert L. Williams Jr.
						Robert L. Williams Jr.