## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEFFREY FRIEDMAN; and ROBIN
FRIEDMAN,

     Plaintiffs,

     v.                                                          Case No. 6:22-cv-939-RBD-RMN

ACE INSURANCE COMPANY OF
MIDWEST,

     Defendant.

### <u>ORDER</u>

This cause comes before the Court for consideration without oral argument on Plaintiffs' Amended Motion to Enforce Settlement, Motion for Entry of Final Judgment, Motion for Sanctions (Dkt. 40), filed January 17, 2024. The motion is due to be denied.

First, the motion does not conform to the requirements of the Local Rules. It does not comply with the typography requirements of Local Rule 1.08. It does not contain a certificate of good faith conferral, which is required by Local Rule 3.01(g). Nor does the motion contain a memorandum of law that supports the relief requested, as required by Local Rule 3.01(a).

Second, the motion fails on the merits. It is now well-settled that the breach of a settlement agreement is "for state courts, unless there is some

independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). This Court did not retain jurisdiction to enforce a settlement agreement in its order dismissing the case. *See* Dkt. 35 (dismissing the case with prejudice but conditioning dismissal on the right of any party to move for entry of a final judgment or to reopen the case). Thus, enforcement of the "settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (discussing the holding from *Kokkonen*, 511 U.S. at 379–80).

Plaintiffs base their requests to enforce the settlement agreement, for final judgment, and for sanctions on a state statute that requires an insurer to tender payment due under a settlement agreement within twenty days. *See* Dkt. 40 at 2 (quoting Florida Statute § 627.4265). This statute does not provide Plaintiffs with the relief they are requesting. Nor does it provide an independent basis for this Court's jurisdiction. Furthermore, the time for Plaintiffs move for a final judgment or to reopen the case has passed. *See* Dkt. 35 (providing any party 60 days—that is, until November 14, 2023—to move to reopen the case).

In short, Plaintiffs must turn to the state courts to enforce the agreement absent an independent basis for federal jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida, on January 18, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record